**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IHAB MAHMOUD,<br><br>     Plaintiff,<br><br>     v.<br><br>CANON SOLUTIONS AMERICA, INC., *et al.*,<br><br>     Defendants. | Civil Action No. 21-11935 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendants Diana Linett ("Linett") and Kim Mastromarino's ("Mastromarino," and together with Linett, "Defendants") Motion to Dismiss Plaintiff Ihab Mahmoud's ("Plaintiff") Complaint. (ECF No. 5-1.) Plaintiff opposed and filed a Cross-Motion to Remand. (ECF No. 7-1.) Defendants replied and opposed the Cross-Motion to Remand. (ECF No. 11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiff's Cross-Motion to Remand and grants Defendants' Motion to Dismiss.

**I.  BACKGROUND**

  This action arises out of alleged violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12. (*See generally* Compl., ECF No. 1-1). In 2015, Canon Solutions America, Inc. ("Canon"), a New York corporation, hired Plaintiff, a 51-year-old resident of Old Bridge, New Jersey. (*Id.*, ¶¶ 1-2, 17; Defs.' Notice of Removal ¶ 1, ECF No. 1.) As a Senior

Solutions Analyst, Plaintiff "provided software and sales support . . . including customer visits, remote support, and on-site support." (Compl. ¶ 17.) Plaintiff's primary area of coverage included "half of New Jersey and occasionally New York City." (*Id.*)

At the beginning of 2018, "Plaintiff began experiencing severe and persistent pain in his neck and shoulders" that his physician later diagnosed as arthritis. (*Id.* ¶ 22.) Plaintiff's pain "was exacerbated by excessive driving and sitting in front of a computer for long hours, as his job often required." (*Id.* ¶ 24.) After consulting with his doctor in February 2020, Plaintiff "went out of work on disability under the Family and Medical Leave Act ('FMLA')" to undergo physical therapy. (*Id.* ¶¶ 35-36.) Shortly thereafter, the COVID-19 pandemic began, and Plaintiff's physical therapist was forced to shut down his office indefinitely beginning in April 2020. (*Id.* ¶ 36.)

Because Plaintiff could no longer attend physical therapy, his physician "informed [him] that he could only return to work with a driving limitation until he could seek further treatment." (*Id.* ¶ 37.) His physician then provided him "with a note to return to work on April 27, 2020, with a lifting restriction and a driving limitation," which Plaintiff provided to Mastromarino (*id.* ¶ 38), the Senior Human Resources Specialist for Canon (*id.* ¶ 6). A few days later, Mastromarino informed Plaintiff that "Canon would not permit him to return to work with the restrictions given by his doctor because his job require[d] seventy percent (70%) travel" and that he "must remain out of work on disability unless he could return without restrictions." (*Id.* ¶¶ 39-41.) Plaintiff remained on leave and on August 17, 2020, his physician "wrote [him] a note clearing him to return to [work] on August 31, 2020." (*Id.* ¶ 46.) Plaintiff shared the note with Mastromarino, who brought in Linett, a Human Resource Advisor for Canon, for assistance. (*Id.* ¶¶ 5, 48.) On August 19, 2020, "Linett called Plaintiff to inform him that his position with Defendant Canon was being eliminated, and Plaintiff's employment was terminated effective August 31, 2020." (*Id.* ¶ 49.)

On April 23, 2021, Plaintiff filed the instant action in state court against Defendants (both of whom are New Jersey residents), Canon, two other individual Canon employees (a New York citizen and a Florida citizen), and fictitious names describing presently unidentified individuals and business entities. (*See generally* Compl.; Defs.' Notice of Removal ¶ 1.) The Complaint asserts three counts under the NJLAD: (1) disparate treatment and discrimination due to disability, (2) retaliation and improper reprisal, and (3) failure to accommodate and engage in an interactive process. (*See generally* Compl.) Defendants removed the case to this Court invoking diversity jurisdiction and fraudulent joinder and later filed the instant Motion. (*See generally* Defs.' Notice of Removal; Defs.' Moving Br., ECF No. 5-1.) Plaintiff opposed (ECF No. 6) and filed a Cross-Motion to Remand. (ECF No. 7.) Defendants replied and opposed the Cross-Motion. (ECF No. 11.)

## II.  LEGAL STANDARD

### A.  Motion to Remand

Under 28 U.S.C. § 1441(b), a defendant may remove an action brought in state court if the federal court has original jurisdiction of the case, such as under the diversity provisions of 28 U.S.C. § 1332. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). At all stages of litigation, the defendant bears the burden of proving federal jurisdiction is proper. *See id* at 111.; *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citations omitted). "A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)). Further, a court "should strictly construe removal statutes and resolve all doubts in favor of remand." *Id.* at 466 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

### B. Motion to Dismiss

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)[1]. Rule 8 "does not require detailed factual allegations," but pleadings merely offering labels, legal conclusions, or "naked assertions devoid of further factual enhancement" do not state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 239 F.3d 361, 374 n.7 (3d Cir. 2002)). The plaintiff's claim must be facially plausible to survive a motion to dismiss, such that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The pleadings must rise beyond mere "labels and conclusions, and a formulaic recitation of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### III. DISCUSSION

#### A. The Court Denies Plaintiff's Cross-Motion to Remand.

Although Defendants filed their Motion to Dismiss before Plaintiff's Cross-Motion to Remand, this Court must consider Plaintiff's Cross-Motion first because that motion is jurisdictional. *See Newton v. S. Jersey Paper Prods. Co.*, No. 19-17289, 2020 WL 2059954, at *2

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

4

(D.N.J. Apr. 29, 2020) ("Though [d]efendant's motion to dismiss came earlier in time than [p]laintiff's motion to remand, the Court is obligated to consider [p]laintiff's motion to remand first."); *Christ Hosp. v. Loc. 1102 Health & Benefit Fund*, No. 11-5081, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) ("As the motion to remand affects this Court's subject matter jurisdiction, the Court will treat this motion first.").

As Plaintiff alleges a state law claim, diversity is the only basis for federal jurisdiction in this case. Plaintiff contends that "Defendants have improperly removed this matter to Federal Court" because there is not complete diversity between Plaintiff and Defendants and because Defendants have not carried their "heavy burden" of proving fraudulent joinder. (Pl.'s Cross-Mot. 15-16.) The Court disagrees.

Fraudulent joinder "represents an exception to the requirement that removal be predicated solely upon complete diversity." *Sussman v. Capital One, NA*, No. 14-1945, 2014 WL 5437079, at *5 (D.N.J. Oct. 24, 2014) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). In assessing a fraudulent joinder claim, a court must "focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). Indeed, "[j]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendants.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer*, 913 F.2d at 111). "[U]nlike a motion to dismiss, the standard used to assess whether a claim is colorable is 'significantly more forgiving.'" *Alexandre v. Costco Wholesale Corp.*, No. 19-6286, 2019 WL 2425179, at *3 (D.N.J. May 21, 2019) (quoting *Freichs v. Lifestar Response Corp.*, No. 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009)). Further, "the removing party carries a 'heavy burden of persuasion' in making [a

fraudulent joinder] showing." *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Auth.*, 809 F.2d at 1012 n.6).

Courts in this District have found fraudulent joinder when "the plaintiff's claims were impossible because the non-diverse defendant did not possess the proper identity or status to be sued." *McBurnie v. CRC Ins. Servs., Inc.*, No. 19-20018, 2020 WL 1329917, at *4 (D.N.J. Mar. 23, 2020) (listing cases). Thus, the Court turns to the NJLAD to determine whether Defendants are proper parties to this litigation. Under the NJLAD, an "employer" may not discharge a disabled employee because of that employee's disability. N.J. Stat. Ann § 10:5-12(a). The New Jersey Supreme Court has clarified that "the definition of 'employer' as used in the NJLAD does not include individual employees." *Seibert v. Quest Diagnostics Inc.*, No. 11-304, 2012 WL 1044308, at *8 (D.N.J. Mar. 28, 2012) (citing *Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004)). Although individuals cannot be liable as employers, individuals may still be liable if they aid and abet an NJLAD violation. *See Wilson v. JPMorgan Chase*, No. 18-13789, 2019 WL 4072933, at *5 (D.N.J. Aug. 28, 2019) (citing *Cicchetti v. Morris Cnty. Sheriff's Off.*, 947 A.2d 626, 645 (N.J. 2008)). Further, "individual liability is confined to supervisory employees." *Ross v. Amazon.com, Inc.*, No. 19-1864, 2019 WL 1227112, at *2 (D.N.J. Mar. 14, 2019) (quoting *Reynolds v. Jersey City Dep't of Pub. Works*, No. 18-1418, 2019 WL 117976, at *5 (D.N.J. Jan. 4, 2019)). A supervisory employee "has the authority to hire, fire, discipline, control employees' wages or control employees' schedules." *Herman v. Coastal Corp.*, 791 A.2d 238, 254 (N.J. Super. Ct. App. Div. 2002) (citing *Cavuoti v. N.J. Transit Corp.*, 735 A.2d 548, 558 (1999)).

Applying this standard, the Court holds that fraudulent joinder is proper because Defendants did not aid and abet an NJLAD violation. To state a claim for aiding and abetting, Plaintiff must adequately allege the following: (1) the party that Defendant aided performed a

wrongful act causing an injury; (2) Defendant was generally aware of her role "as part of an overall illegal or tortious activity at the time" that she provided the assistance; and (3) Defendant "knowingly and substantially assist[ed] the principal violation." *Tarr*, 853 A.2d at 929 (quoting *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d. Cir. 1999)). As to the third prong, the Court assesses substantial assistance by considering five factors: "(1) the nature of the act encouraged; (2) the amount of assistance given by the supervisor; (3) whether the supervisor was present at the time of the [NJLAD violation]; (4) the supervisor's relations[hip] to the others; and (5) the state of mind of the supervisor." *Id.* (citations omitted).

Plaintiff's Complaint fails to satisfactory allege an aiding-and-abetting claim. For one, it does not allege that Defendants aided and abetted. Nor does it allege that Defendants supervised Plaintiff. Nor does it allege that Defendants oversaw Plaintiff's daily activities or that Defendants "had any authority whatsoever over the performance of his job duties." *See Guarneri v. Buckeye Pipe Line Servs. Co.*, No. 14-1131, 2014 WL 1783072, at *2 (D.N.J. May 5, 2014). Further, Plaintiff's Complaint does not detail the relationship between Defendants and the employer, facts from which the Court could infer Defendants' states of mind, or Defendants' role in Canon's decision to terminate Plaintiff.[2] Without these critical allegations, the Court cannot determine whether Defendants knowingly and substantially assisted an NJLAD violation and no aiding-and-abetting claim can lie. Thus, although a heavy one, Defendants have met their burden to show that Plaintiff fraudulently joined Defendants to this case. *See Sussman*, 2014 WL 5437079, at *6 (finding fraudulent joinder of individually named defendants in NJLAD case because they were not plaintiff's supervisors and did not aid and abet); *Little v. Doe*, No. 09-5183, 2010 WL 3812364,

---

[2] Indeed, the Complaint contains few allegations regarding Defendants' actions, and those allegations appear to be limited to Defendants relaying Canon's termination decision to Plaintiff. (*See, e.g.*, Compl. ¶¶ 39, 41, 49.)

7

at *4-5 (D.N.J. Sept. 28, 2010) (finding fraudulent joinder in NJLAD case partly because the joined defendant was not the plaintiff's supervisor).

### B.   The Court Grants Defendants' Motion to Dismiss.

Having determined that jurisdiction is proper, the Court turns to Defendants' Motion to Dismiss. For the same reasons as above, the Court finds that Plaintiff has failed to state a claim against Defendants. Plaintiff has not alleged an aiding-and-abetting theory against Defendants. *See Scott v. Schindler Elevator Corp.*, No. 17-2869, 2019 WL 1976417, at *11 (D.N.J. May 3, 2019) (dismissing aiding-and-abetting claim where he failed to mention aiding and abetting in his complaint); *Joseph v. N.J. Transit Rail Operations, Inc.*, No. 12-1600, 2013 WL 5676690, at *13 (D.N.J. Oct. 17, 2013) (dismissing NJLAD claim because the plaintiff failed to specifically plead a cause of action for aiding and abetting); *White v. Cleary*, No. 09-4324, 2012 WL 924338, at *15 (D.N.J. Mar. 19, 2012) (same). Nor does Plaintiff's Complaint allege that Defendants were Plaintiff's supervisors. *See Chowdhury v. Mesa Lab'ys*, No. 19-21308, 2020 WL 1236812, at *4 (D.N.J. Feb. 20, 2020) ("Courts have interpreted the LAD's aiding-or-abetting provision to impose liability only on those individuals with supervisory roles." (citing *Hurley*, 174 F.3d at 129)); *Guarneri*, 2014 WL 1783072, at *2 (granting defendant's motion to dismiss because the complaint failed to allege that the defendant was plaintiff's supervisor). Thus, the Court grants Defendants' Motion to Dismiss.

## IV. CONCLUSION

Because Plaintiff cannot maintain colorable claims against Defendants, the Court denies Plaintiff's Cross-Motion to Remand and grants Defendants' Motion to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**